IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00210-PAB

GLENN K. BEATON,

    Plaintiff,

v.

RIDGE RUNNER CONSTRUCTION COMPANY, INC.,
BRENT LOUGH,
GARFIELD & HECHT, P.C., and
BENJAMIN MONARCH,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on plaintiff Glenn Beaton's Amended Complaint [Docket No. 6]. Mr. Beaton asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at 5.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (quotations and alterations omitted).  For a case to arise under federal law within the meaning of § 1331, "the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)).  Because Mr. Beaton is proceeding *pro se*, the Court will construe his pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Beaton's amended complaint, filed on March 30, 2023, asserts in section C, "Jurisdiction," that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because the case arises under the Fair Debt Collection Practices Act ("FDCPA"). Docket No. 6 at 5.  However, the descriptions of Mr. Beaton's claims are labeled "Breach of Contract and Fraud," "Trespass and Interference with Quiet Enjoyment of Property," and "Interference with Economic Relations." *Id.* at 9-13.  No claim is called a FDCPA claim. *Id.*

Moreover, none of the allegations in the amended complaint colorably allege a FDCPA claim.  To establish a violation of the FDCPA, a plaintiff must show that: (1) he is a "consumer" under the FDCPA; (2) the debt in question arises out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant is a "debt collector" under the FDCPA; and (4) that the defendant violated a provision of the FDCPA.  *Deporter v. Credit Bureau of Carbon Cnty.,* No. 14-cv-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).  Nowhere in his amended complaint does Mr. Beaton allege that any defendant is a debt collector under the FDCPA or that any defendant violated a provision of the FDCPA.  *See generally* Docket No. 6.  Mr. Beaton does not otherwise appear to allege a federal claim in his amended complaint.  *Id.*

Federal question jurisdiction is the only basis that Mr. Beaton alleges for jurisdiction.  *Id.* at 5.  Since the complaint does not allege a federal question, Mr. Beaton has failed to demonstrate that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Because the allegations are presently insufficient to allow the Court to determine whether it has jurisdiction over plaintiff's claims, *see United States ex rel. General Rock*

*& Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **June 23, 2023**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 8, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge